IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VICTORIA BIBBS** | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 05-41Erie |
| | ) | District Judge McLaughlin |
| **SUSAN STROHMEYER, et al.** | ) | Magistrate Judge Baxter |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

It is respectfully recommended that the motion to dismiss filed by Defendant Magisterial District Judge Susan Strohmeyer [Document # 6] be granted.

**II.    REPORT**

**A.     Procedural History**

Plaintiff filed this *pro se* civil rights action. Named as Defendants are: Magisterial District Judge Susan Strohmeyer, Frederick Munch, a Millcreek Police Corporal, Kathy Zborgowski, a guidance counselor at J.S.Wilson Middle School and John Cavanagh, an Assistant Principal at J.S. Wilson Middle School.

Plaintiff's claims are difficult to decipher but it appears that she is alleging that her civil rights were somehow violated when her "home school was shut down and [her] student removed and put into a detention facility." Document # 1, Complaint, ¶ 14.

Defendant Strohmeyer has filed a motion to dismiss. Document # 6. Plaintiff has filed an Opposition Brief.

**B.     The Standards of Review**

  **1.     *Pro Se* Pleadings**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972) quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should be done so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant.  Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).

  **2.     Motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true.  Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976).  The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).  The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to

support his claim.  Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974).  Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief.  Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted.

### C.   Judicial Immunity

Judicial officers are immune from damage suits arising out of their official duties.  Stump v. Sparkman, 435 U.S. 349 (1978).  Judicial immunity is an "immunity from suit, not just from an ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991).  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of authority...." Sparkman 435 U.S. at 356.

Judicial immunity may be overcome only when: (i) the challenged actions were not taken in the judge's judicial capacity; or (ii) the challenged actions, "though judicial in nature, were taken in the complete absence of all jurisdiction." Mireles, 502 U.S. at 11-12.  In this case, all of the challenged actions of Defendant were taken in her judicial capacities and were within her respective jurisdiction.

Thus, as to Plaintiff's claims against her, Defendant Strohmeyer is absolutely immune.

### III.   CONCLUSION

For the foregoing reasons, this Court respectfully recommends that the motion to dismiss filed by Defendant Magisterial District Judge Susan Strohmeyer [Document # 6] be granted.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the

date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights. _____

                                         S/ Susan Paradise Baxter
                                         SUSAN PARADISE BAXTER
                                         Chief United States Magistrate Judge

Dated: July 1, 2005

cc:    The Honorable Maurice Cohill
       United States District Judge

       all parties of record (lw)