**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| VICTORIA BIBBS | ) | |
|          Plaintiff, | ) | |
|     v. | ) | C.A. No. 04-349Erie |
| | ) | District Judge Cohill |
| SUSAN STROHMEYER, et al. | ) | Magistrate Judge Baxter |
|          Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

It is respectfully recommended that the Motion for a More Definite Statement, or in the alternative, to Dismiss filed by Defendants Zborgowski and Cavanagh [Document # 8] be granted in part and denied in part and the Motion to Dismiss or for a More Definite Statement filed by Defendant Munch [Document # 10] be denied in part and granted in part.  More specifically, the motions for more definite statement should be granted and the motions to dismiss should be denied.  Plaintiff must file an amended complaint within thirty-five days.

**II.   REPORT**

    **A.   Procedural History**

Plaintiff filed this *pro se* civil rights action. Named as Defendants are: Magisterial District Judge Susan Strohmeyer, Frederick Munch, a Millcreek Police Corporal, Kathy Zborgowski, a guidance counselor at J.S.Wilson Middle School and John Cavanagh, an Assistant Principal at J.S. Wilson Middle School.  Plaintiff's claims are difficult to decipher but it appears that she is alleging that her civil rights were somehow violated when her "home school was shut down and [her] student removed and put into a detention facility." Document # 1, Complaint, ¶ 14.

### B. The Standards of Review

#### 1. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972) quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should be done so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).  Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

#### 2. Motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976).  The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).  The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to

support his claim. <u>Neitzke</u>; <u>Scheuer v. Rhodes</u>, 419 U.S. 232 (1974). Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted.

### 3.  Motion for more definite statement pursuant to Fed.R.Civ.P. 12(e)

Rule 12(e) provides: "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement." Fed.R.Civ.P. 12(e). Rule 12(e) motions, however, "are highly disfavored since the overall scheme of the federal rules calls for relatively skeletal pleadings and places the burden of unearthing factual details on the discovery process." <u>Hughes v. Smith</u>, 2005 WL 435226, at * 4 (E.D.Pa., Feb. 24, 2005) (internal citation omitted). "The basis for granting a 12(e) motion is unintelligibility, not lack of detail." <u>Id.</u>

### C.  Plaintiff's Complaint

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. The issue is not whether the plaintiff will prevail at the end but whether he should be entitled to offer evidence in support of his claim. <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989); <u>Scheuer v. Rhodes</u>, 419 U.S. 232 (1974). Under this "notice pleading," the complaint must only set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted. See <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506 (2002).

Here, Plaintiff's complaint does not meet that minimum requirement to set forth sufficient information to suggest that there is some recognized legal theory upon which relief may be granted. Plaintiff does not even specify what each Defendant did. Therefore, in light of <u>Haines</u> and its progeny, this Court recommends that the motion for a more definite statement  be

granted. See also Grayson v. Mayview State Hospital, 293 F.3d 103, 113 (3d Cir. 2002) ("The legislative history lacks any clear expression that Congress intended *in forma pauperis* plaintiffs, imprisoned and free alike, to be denied the opportunity to amend their complaints when that amendment would neither be inequitable nor futile.").

### III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Motion for a More Definite Statement, or in the alternative, to Dismiss filed by Defendants Zborgowski and Cavanagh [Document # 8] be granted in part and denied in part and the Motion to Dismiss or for a More Definite Statement [Document # 10] be denied in part and granted in part. More specifically, the motions for more definite statement should be granted and the motions to dismiss should be denied. Plaintiff must file an amended complaint within thirty-five days.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

                S/ Susan Paradise Baxter
                SUSAN PARADISE BAXTER
                Chief United States Magistrate Judge

Dated: July 1, 2005

cc:    The Honorable Maurice Cohill
       United States District Judge

       all parties of record (lw)