IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VICTORIA BIBBS,** | : | |
| *Plaintiff* | : | |
| v. | : | No. 05-41 E |
| **SUSAN D. STROHMEYER, FREDERICK G. MUNCH, KATHY ZBORGROWSKI and JOHN CAVANAGH,** | : | |
| *Defendants* | : | |

### DEFENDANT MUNCH'S SECOND MOTION TO DISMISS AND/OR MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) and (e)

AND NOW, comes the Defendant, Corporal Frederick G. Munch, by and through his attorneys, Marshall, Dennehey, Warner, Coleman & Goggin and Patrick M. Carey, Esquire, and in support of the instant Motion, avers as follows:

**A.   Procedural History**

1. The Plaintiff filed a Writ of Summons and a Complaint on February 1, 2005. (A copy of the Plaintiff's Complaint is attached hereto and marked Exhibit "A")

2. In response to Plaintiff's original Complaint, Defendant Munch filed a Motion to Dismiss and/or Motion for More Definite Statement Pursuant to Federal Rules of Civil Procedure 12(b)(6) and (e). The other Defendants filed similar motions.

3. On or about July 1, 2005, Magistrate Judge Susan Paradise Baxter filed separate Reports and Recommendations in which she recommended that a) the Rule 12 Motion of Defendant Magisterial District Judge Strohmeyer be granted and she be dismissed because of judicial immunity and b) the Rule 12 Motions Defendants Munch, Zborgowski, and Cavanaugh

be granted with respect to their request for a more definite statement and denied with their request for dismissal.

4. On or about July 26, 2005, United States District Judge Maurice B. Cohill, Jr. filed Orders accepting and adopting the Reports and Recommendations of Magistrate Judge Baxter. The Plaintiff was then ordered to file an Amended Complaint.

5. On or about August 26, 2005, the Plaintiff filed a document entitled "Plaintiff's Reply to the Defendants' Counsels' Motion of Parties in this Civil Action for More Definite Statement and Amend the Records to Reflect Change to Co-Defendants Include Strict Liability on Both Party's in the Caption Complaint Pursuant to No. 05-CV-41 E/ and C.A. No. 04-349 Erie and Join Parties Together" (sic). The Court then issued an Order construing this document as an Amended Complaint. (A copy of the above document is attached hereto, marked as Exhibit "B" and will be referred to herein as Plaintiff's Amended Complaint)

**B.   Factual History and Claims Made**

6. Defendant Munch is a police officer with the rank of Corporal with the Millcreek Township Police Department.

7. Plaintiff's claims arise from a an investigation of child abuse commenced by the Erie County Office of Children and Youth (O.C.Y.) which culminated in Plaintiff's arrest by Defendant Munch. (See Exhibit A, paragraphs 7-11).

8. Plaintiff's Complaint makes reference to documents from the Erie County Office of Children and Youth (See Exhibit A, paragraph 7, referring to **O.C.Y. file #25-12262**), reports from the Millcreek Police Department (See Exhibit A, paragraphs 9-10, referring to **"case report" 2004-003674**), and the Criminal Complaint, Affidavit of Probable Cause and Arrest Warrant (See Exhibit A, paragraphs 9,11 and 13, referring to **CR 72B-04 and OBTS (sic) #H872475-2**).

-2-

9. Copies of Millcreek Township Police Department's investigative reports for case number 2004-00003674 are attached hereto and marked Exhibit "C."

10. Copies of the Criminal Complaint with Affidavit of Probable Cause and the Warrant of Arrest for CR-72-04, OTN H872475-2 are attached hereto and marked Exhibit "D."

11. From a reading of the Plaintiff's original Complaint, it appears as though the Plaintiff is making an allegation that she was arrested by Corporal Munch without probable cause in violation of the Fourth Amendment of the United States. (See Exhibit A, paragraph 11 of the Plaintiff's Complaint).

12. It also appears as though the Plaintiff is making an allegation that her home was invaded and searched without a search warrant or consent in violation of the Plaintiff's Fourth Amendment rights. (See Exhibit A, paragraph 12 of the Plaintiff's Complaint)

**C.    Basis for Dismissal or Other Relief**

13. Due to the confusing and non-specific nature of the allegations made in the Plaintiff's Complaint, the Court ordered Plaintiff to file a more definite statement. However, the Plaintiff's Amended Complaint is even less clear and more confusing than the original Complaint.

14. The Defendant is forced to guess as to the allegations raised in preparing a responsive pleading unless the Court orders Plaintiff to either clarify her allegations against the Defendant or confirm the Defendant's understanding of the allegations raised.

15. Alternatively, based upon the allegations made and the documents referred to by Plaintiff in her Original and Amended Complaints, Defendant Munch contends that the Plaintiff has failed to state a claim upon which relief can be granted and therefore Plaintiff's claims should be dismissed as a matter of law because the Plaintiff's arrest was made <u>with</u> probable cause and therefore no violation of plaintiff's Fourth Amendment rights occurred.

16. In fact, Plaintiff's arrest occurred only after Defendant Munch was directed by the Erie County District Attorney's Office to file charges against the Plaintiff and after Magisterial District Judge Strohmeyer concluded that probable cause existed for the charges. (See Exhibit "C," pages 5-6 and Exhibit "D").

17. With respect to the allegations that police conducted a search of Plaintiff's home without probable cause or consent, Defendant Munch's reports reveal that after Plaintiff's arrest, she was released on a recognizance bond. Thereafter, Munch and other police officers went to Plaintiff's home to look for Plaintiff's husband, for whom they had an arrest warrant. Plaintiff refused the police request to search the residence for Mr. Bibbs and the officers then left the residence without conducting a search. Therefore, Plaintiff fails to state a claim upon which relief can be granted and this allegation should be dismissed. (See Exhibit "C," page 7.)

18. Plaintiff's unspecified allegations of violations of her rights under the Fourteenth Amendment also fail when the Criminal Complaint and related documents are examined. Those documents reveal that Plaintiff was charged only after the Magisterial District Judge made a finding of the existence of probable cause and approved the charges set forth in the Criminal Complaint. After her arrest, Plaintiff was released on her own recognizance. Plaintiff's rights to due process were therefore protected during her arrest and preliminary arraignment and this claim should be dismissed.

19. In addition to the above, Defendant Munch is afforded Qualified Immunity under federal law with respect to the constitutional allegations and immunity under the Political Subdivision Tort Claims Act, 42 Pa C.S. §§ 8541, et. seq., for common law claims under state law.

20.   Further, since the Plaintiff arrest was based upon probable cause, any allegations of false arrest, malicious prosecution or libel/slander claims should be dismissed, with prejudice.

21.   Finally, to the extent that the Plaintiff is attempting to raise and re-litigate the state criminal charges that were filed against her, she is precluded from doing so under the Rooker-Feldman Doctrine. Therefore, Plaintiff's allegations should be dismissed.

WHEREFORE, the Defendant, Corporal Frederick Munch, respectfully requests an Order from this Honorable Court dismissing Plaintiff's allegations against him with prejudice, or, in the alternative, directing the Plaintiff to file a more definite statement specifically setting forth the allegations made by the Plaintiff against Defendant Munch as more fully set forth herein.

Respectfully submitted,

MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN

By: _____
Patrick M. Carey, Esquire
PA I.D. # 50171
Renaissance Centre
1001 State Street, Suite 1400
Erie, Pennsylvania 16501
(814) 461-7803

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTORIA BIBBS, | : |
|        *Plaintiff* | : |
| v. | :   No. 05-41 E |
| SUSAN D. STROHMEYER, FREDERICK G. MUNCH, KATHY ZBORGROWSKI and JOHN CAVANAGH, | : |
|        *Defendants* | : |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within Defendant Munch's Second Motion to Dismiss and/or Motion for More Definite Statement Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e) was mailed to the following listed below this 26th day of September, 2005 by United States First Class mail, postage pre-paid.

Victoria Bibbs
6023 Glade Drive
Erie, PA 16509

Richard A. Lanzillo, Esquire
KNOX, MCLAUGHLIN, GORNALL & SENNETT
120 West 10th Street
Erie, PA 16501

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

By: _____
Patrick M. Carey, Esquire

\16_A\LIAB\PBC\LLPG\51995\PBC\19173\00187