IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTORIA BIBBS | : |
|     Plaintiff | : |
| | : |
| v. | :   No. 05-00041 |
| SUSAN D. STROHMEYER, | : |
| FREDERICK G. MUNCH, | : |
| KATHY ZBORGOWSKI, and | : |
| JOHN CAVANAGH, | : |
|     Defendant | : |

## GOVERNMENTAL OBJECTIVE TO UNLAWFUL HARASSMENT PROCEEDINGS

(a) **Jurisdiction.** If the circumstances alleged in the petition for unlawful harassment meet the statutory criteria, the court shall hear the case unless the part are already involved in a pending dissolution, dependency or paternity proceeding in which case the matter shall be transferred to Superior Court.

The court may require a petitioner to appear and provide testimony prior to issuance of an ex parte temporary order.

(b) **Indigent Filing.** Upon request of the applicant, the Court shall assess the applicant's financial resources to determine if the individual may proceed in forma paupers.

For the purpose of determining whether grounds for wavier of the filling fee exist, the applicant must complete under oath and submit an Application For Waiver of Fees.

No order authorizing waiver of the filing fee shall issue unless the mandatory financial information is submitted to the Court.

(c) **Hearing.** In unlawful harassment actions only the parties may testify without cross examination, or make statements as allowed by the court. The court may take testimony if it appears to the court necessary

for an adequate determination of the matter.

The civil harassment statue is directed at serious, in ongoing harassment statue:

The legislature finds that serious, personal harassment through invasions of a person's privacy by acts and words showing any harassment designed to coerce, intimidate, or humiliate them is increasing.

The legislature further finds that the prevention of harassment is an important governmental objective.

This chapter is to provide victims with a speedy and inexpensive method of ongoing ant harassment protection orders preventing all further unwantings between the victim and the perpetrator.

Consequently, a pattern of conduct that causes emotional distress without serving any legitimate purpose is "Unlawful harassment" means a knowing and willful course of action directed at a specific person which seriously alarms, annoys, is detrimental to such person, and which serves no legitimate purpose.

The course of conduct shall be such as would cause a person to suffer substantial emotional distress, and shall add substantial emotional distress to the petitioner, or, when their conduct is contact by a person over age eighteen that would reasonable parent to fear for the well-being of their child.

Rules sets forth factors to consider in determining course of conduct serves a legitimate or lawful purpose.

Or that is whether the respondent's 'course of conduct appears design to annoy, or harass the petitioner'. Rules in Court provides another consideration is whether the respondent has been given ' clear notice further contact with the petitioner is unwanted.'

Pursuant to Rule 21 that of the FRCO:
Misjoiner of parties is not ground for dismissal of an action.

Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of he action and on such terms as are just.

Any claim against a party may be served and proceeded with separately.

Misjoiner by definition, describes an improper combination of lawsuit elements:

An improper combining of plaintiffs, defendants, or causes of action in a single lawsuit.. Does not constitute grounds for dismissal of an action.

Finally, and in persistent to the 26 Rule of the Local court of federal Procedures relating to the General Provisions Governing Discovery, that of the Duty of Disclosure:

The duty to make a "reasonable inquiry" is satisfied if the investigation undertaken by the attorney and the conclusions drawn therefrom are reasonable under the circumstances.

It is an objective standard similar to the one imposed by Rule 11. In making the inquiry, the attorney may rely on assertions by the client and on communications with other counsel in the case as long as that reliance is appropriate under the circumstances.

Ultimately, what is reasonable is a matter for the court to decide on the totality of the circumstances.

Respectfully, I remain

*Victoria Bibbs Pro Se,*
Victoria Bibbs Pro Se,
6023 Glade Drive
Erie, PA 16509
(814) 864-4181

3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTORIA BIBBS : | |
|     Plaintiff : | |
| : | |
| v. : | No. 05-00041 |
| SUSAN D. STROHMEYER, : | |
| FREDERICK G. MUNCH, : | |
| KATHY ZBORGOWSKI, and : | |
| JOHN CAVANAGH, : | |
|     Defendant : | |

### CERTIFICATE OF SERVICE

The undersign hereby certifies a true and correct copy of the within Notice of Governmental Objective to Unlawful Harassment Proceedings; was served upon the defendant's Counsel on this the _13_ day of June

2006, Via United States First class mail, Attorney Patrick M. Casey's was sent postage pre-paid in accordance with rule of F.C.P. as well was served electronically ; David M. Donaldson, Richard A. Lanzillo

Clerk of District Court
South Park Row
Erie, PA 16501

Patrick M. Casey
1001 State Street. Renaissance
Suite 1400
Erie, PA 16501

David m. Donaldson
Notice Electronic Filing

Richard A. Lanzillo
Notice Electronic Filing

s_/s/ Victoria Bibbs Pro Se_
Victoria Bibbs Pro Se,
6023 Glade Drive
Erie, PA 16509